IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY M. MELLOTT,                    )
                                    )
            Plaintiff,              )
                                    )
     v.                             )  Civil Action No. 05-865
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF                     )
SOCIAL SECURITY,[1]                 )
                                    )
            Defendant.              )


O P I N I O N

DIAMOND, D.J.

     Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff
seeks judicial review of the decision of the Commissioner of
Social Security ("Commissioner") denying her application for
supplemental security income ("SSI") under Title XVI of the Social
Security Act ("Act").  42 U.S.C. §§1381-1383f.  Presently before
the court are cross-motions for summary judgment.  For the reasons
set forth below, plaintiff's motion will be granted, the
Commissioner's motion will be denied and this case will be
remanded to the ALJ for further proceedings consistent with this
opinion.


Procedural History

     Plaintiff filed her application for SSI on May 1, 1996,

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social
Security on February 12, 2007, succeeding JoAnne B. Barnhart.

alleging disability due to hip problems, learning disabilities, stress, anxiety and asthma. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing and subsequently issued a decision dated June 17, 1998, finding that plaintiff was not disabled. Plaintiff simultaneously requested that the Appeals Council review that decision and filed a new application on July 1, 1998. On July 6, 2001, the Appeals Council remanded the initial case for further proceedings. An ALJ held a second hearing on July 3, 2002. On July 26, 2002, the ALJ issued a partially favorable decision in which he granted plaintiff benefits commencing on February 7, 2002. Not satisfied with that decision, plaintiff requested review by the Appeals Council, which was denied. Plaintiff then filed suit in the United States District Court for the Western District of Pennsylvania. The district court remanded the case to the Commissioner for further proceedings. On remand, the ALJ held a hearing on February 17, 2006. The issue at that hearing was whether plaintiff was eligible for benefits from May 1, 1996 to February 6, 2002 (the "period at issue"). On April 11, 2006, the ALJ issued a decision finding that plaintiff was not disabled during the period at issue. Plaintiff again requested review by the Appeals Council, which was denied. The instant action followed. The issue before this court is whether plaintiff was disabled during the period at issue.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles dictate that this court remand this case to the ALJ for further development at step 3 of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and conclusions at that step.

## Statement of Material Facts

Plaintiff was 38 to 43 years old during the period at issue and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a ninth grade education, and she has no past relevant work experience. Plaintiff did not engage in any substantial gainful activity at any time during the

period at issue.

After reviewing plaintiff's medical records and considering all of the evidence of record, including plaintiff's subjective complaints, as well as hearing testimony from a vocational expert, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the period at issue. The ALJ found that although the medical evidence established that plaintiff suffered from the severe impairments of cerebral palsy, scoliosis, lumbar disc syndrome, diabetes mellitus, a history of cervical cancer, major depressive disorder, generalized anxiety disorder and borderline intellectual functioning, those impairments, alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth at Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retained the residual functional capacity to perform the exertional demands of sedentary work that allows her to sit and stand at her discretion. In addition, plaintiff is limited to simple, routine, repetitive tasks, as well as work that does not involve reading or writing (collectively, the "RFC Finding"). Based on the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity permitted her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a sorter or sealer/operator. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act at any time during the period at issue.

%AO 72
(Rev. 8/82)

<u>Analysis</u>

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. <u>Id</u>.; <u>see</u> <u>also</u> <u>Sykes v. Apfel</u>, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); <u>see</u> <u>Santise v. Schweiker</u>, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process.  At step 3, plaintiff claims that the ALJ's finding that she did not meet the listing for mental retardation during the period at issue is not supported by substantial evidence.  Further, at step 5, plaintiff asserts that the ALJ erred in evaluating certain medical evidence and in assessing her credibility, and that the ALJ's hypothetical to the vocational expert did not contain all of her limitations.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process.  At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments.  <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000).  "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

Plaintiff claims that the ALJ erred by failing to find that she met the listing for mental retardation set forth in §12.05C of Appendix 1 during the period at issue.  To meet the requirements of §12.05C, a claimant must (1) have a valid verbal, performance or full scale IQ score of 60 through 70, (2) have a physical or other mental impairment imposing an additional and significant

work-related limitation of function, and (3) show that the mental retardation was initially manifested during the developmental period (before age 22).

The ALJ found that plaintiff has borderline intellectual functioning, but she did not meet the listing for mental retardation during the period at issue. (R. 15). In making this finding, the ALJ acknowledged that plaintiff had a verbal IQ score of 69, which satisfies one requirement of listing §12.05C; however, he concluded that she did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function during the period at issue. (R. 15). The ALJ did not address in his decision whether plaintiff satisfied the requirement of listing §12.05C that mental retardation was initially manifested during the developmental period (before age 22).

The ALJ's analysis of whether plaintiff's condition met listing §12.05C during the period at issue is defective for two reasons. First, the ALJ found that plaintiff had the severe impairments of cerebral palsy, scoliosis, lumbar disc syndrome, diabetes mellitus, a history of cervical cancer, major depressive disorder, generalized anxiety disorder and borderline intellectual functioning, (R. 14), and that these impairments restricted her to a range of sedentary work with certain non-exertional limitations. (R. 15). These findings establish the second criterion under §12.05C, that is, a physical or other mental impairment imposing additional and significant work-related limitations of function.

See Markle v. Barnhart, 324 F.3d 182, 188 (3d Cir. 2003) (holding
that a finding of a severe impairment establishes that claimant
has a physical or other mental impairment imposing additional and
significant work-related limitations of function under listing
§12.05C). Thus, the ALJ erred in concluding that plaintiff did
not have a physical or other mental impairment imposing an
additional and significant work-related limitation of function
during the period at issue.

The ALJ also erred by failing to inquire into the third
requirement under listing §12.05C, namely, whether plaintiff's
mental retardation initially was manifested during her
developmental period. The Third Circuit has held that remand is
required where the ALJ has failed to address that very issue:

> We note that here the ALJ may well believe on remand
> that he should develop the record further - as is his
> duty - and inquire further into the nature of [the
> claimant's] special education, or obtain an expert
> opinion as to the likely onset of the retardation.
> Accordingly, we will remand the matter to the ALJ so
> that he can provide his interpretation of the record on
> this issue, develop the record further, and make a
> finding whether [the claimant] meets the third element
> of a §12.05(C) listed impairment, namely, whether his
> retardation commenced before age 22.

Markle, 324 F.3d at 189.

In accordance with Markle, this case will be remanded so
that the ALJ may address whether plaintiff's mental retardation
commenced before age 22. In addressing that issue, the ALJ shall
provide his interpretation of the record on this issue,[2] develop

[2]The record contains a report by Dr. Fred Gallo, a clinical
psychologist, who, at plaintiff's request, reviewed her disability

the record as necessary to determine the likely onset of plaintiff's mental retardation, and make a finding whether she meets the third element of listing §12.05C requiring onset of mental retardation before age 22.

Plaintiff next challenges the ALJ's findings at step 5 of the sequential evaluation process.  At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity.   20  C.F.R.  §416.920(g)(1).   Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40.  In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.  20 C.F.R. §416.945(a)(4).

evaluation conducted on February 12, 2002 by another psychologist, as well as her test score from administration of the PMASK test in 1966.  (R. 431-32).  Dr. Gallo stated that plaintiff's verbal IQ test score of 69 obtained during the 2002 disability evaluation was in the mild mental retardation range.  (R. 431).  Dr. Gallo was unable to obtain any information regarding the PMASK test, and he was unclear whether it assessed intelligence, attention or some other cognitive function.  (R. 431).  Thus, Dr. Gallo's report does not answer whether plaintiff's mental retardation manifested during the developmental period before age 22.  While the ALJ failed to make a finding regarding whether plaintiff's mental retardation manifested before age 22, and must address that issue on remand, plaintiff bears the burden at step 3 of the sequential evaluation process to present medical findings that show she meets that requirement of listing §12.05C.   See Burnett, 220 F.3d at 120, n.2.

Here, plaintiff challenges the ALJ's step 5 finding on three grounds: (1) the ALJ erred in assessing certain medical evidence; (2) the ALJ erred in evaluating plaintiff's subjective complaints regarding her limitations; and (3) the ALJ's hypothetical to the vocational expert did not include all of plaintiff's limitations. For the reasons explained below, the court finds that these arguments lack merit.

Plaintiff first argues that the ALJ's step 5 finding is not based on substantial evidence because he gave inadequate weight to the opinions of her various treating physicians. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 43. After reviewing the record and the ALJ's decision, the court is satisfied that the ALJ properly analyzed and weighed the opinions of plaintiff's treating physicians in accordance with the standard set forth in the regulations. (R. 17).

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck

v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he did not find plaintiff's testimony to be fully credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 17). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 15-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for a number of her claimed limitations. In particular, plaintiff alleges that while the ALJ incorporated a sit/stand option in the

hypothetical he did not specify how long plaintiff is able to sit or stand.  This argument lacks merit.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence.  <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987).  Plaintiff's claim that the ALJ did not specify how long she can sit or stand is irrelevant because the RFC Finding, which was included in the hypothetical to the vocational expert, limited plaintiff to work that allows plaintiff to sit and stand at her discretion.  Further, plaintiff's assertion that the ALJ should have included a limitation due to her alleged blurry vision and slurred speech is unfounded.  The record does not contain medical evidence relative to the period at issue to support such limitations.  In addition, plaintiff's claim that the ALJ did not accommodate her limited attention and concentration lacks merit.  The ALJ limited plaintiff to simple, routine, repetitive tasks, which fully accounts for any problems plaintiff had with attention and concentration during the period at issue.  For these reasons, the ALJ's hypothetical question to the vocational expert accommodated plaintiff's limitations that were supported by the evidence of record during the period at issue.

## Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at step 3 of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: September 11, 2007

cc:   Robert G. Yeatts, Esq.
      Lewis & Ristvey
      689 North Hermitage Road
      P.O. Box 1024
      Hermitage, PA 16148

      Lee Karl
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

AO 72
(Rev. 8/82)

- 13 -